### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| MYRA YOUNGBLOOD, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 1:14-CV-19 (LJA) |
| SK GROUP OF MOTELS, INC., ABC, LLC, XYZ, INC., and JOHN DOE, | : |
| Defendants. | : |

## ORDER

Before the Court is Plaintiff Myra Youngblood's Amended Motion in Limine (Doc. 59), in which Plaintiff seeks to exclude Defendant SK Group of Motels, Inc. from apportioning fault to the non-party shooter, Joshua McKelvin, who injured the Plaintiff while fleeing from the motel owned by Defendant after shooting his girlfriend inside their rented motel room. Plaintiff contends that Defendant should be excluded from apportioning fault to Mr. McKelvin because Defendant had notice of Mr. McKelvin's dangerous propensities yet failed to notify law enforcement authorities before the situation between Mr. McKelvin and his girlfriend escalated to violence. In response, Defendants assert that Georgia law permits the apportionment of fault to a nonparty regardless of whether or not a defendant has knowledge or notice of the nonparty's violent propensities.

O.C.G.A. § 51–12–33(d)(1) provides that the "[n]egligence or fault of a nonparty shall be considered if . . . a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." The purpose of the statute is to permit the jury to "consider the fault of all persons or entities who contributed to the alleged injury or damages, regardless of whether the person or entity was, or could have been, named as a party to the suit." O.C.G.A. § 51–12–33(c); *see also Couch v. Red Roof Inns, Inc.*, 729 S.E.2d 378, 383 (2012) ("The purpose of the apportionment statute is to have the jury

consider all of the tortfeasors who may be liable to the plaintiff together, so their respective responsibilities for the harm can be determined."). Here, Defendant filed a Notice of Fault of Non-Party (Doc. 13) on August 21, 2014. The Notice of Fault identified Mr. McKelvin and stated that he was incarcerated in the Turner County Jail pending murder charges. (Doc. 13.) It also set forth the basis for believing Mr. McKelvin to be at fault. (*Id.*) Therefore, Defendant complied with requirements of the statute to permit the jury to apportion fault amongst the Defendants and Mr. McKelvin. *See* O.C.G.A. § 51–12–33(d)(2).

Furthermore, the Supreme Court of Georgia has held that apportionment of fault is permissible in cases such as the one at bar. In *Couch v. Red Roof Inns, Inc.*, the Supreme Court answered the following certified question from the United States District Court for the Northern District of Georgia:

> In a premises liability case in which the jury determines a defendant property owner negligently failed to prevent a foreseeable criminal attack, is the jury allowed to consider the "fault" of the criminal assailant and apportion its award of damages among the property owner and the criminal assailant, pursuant to OCGA § 51–12–33?

The court answered in the affirmative, holding that "the jury is allowed to apportion damages among the property owner and the criminal assailant." 29 S.E.2d at 379. The court found that the "clear directive of O.C.G.A. § 51–12–33" dictates "that an assailant who evades hotel security to intentionally abduct, rob, and assault a hotel guest is, at the very least, partially at 'fault' for the brutal injuries inflicted by the assailant on that guest." *Id.* Thus, "[a]s a party at fault, such an assailant must be included with others who may be at fault, *e.g.,* the property owner in a premises liability action, for purposes of apportioning damages among all wrongdoing parties." *Id.* The court reasoned that the apportionment statute uses the word "fault" interchangeably with the words "responsibility" and "liability" and thus encompasses intentional and negligent acts. *Id.* at 381. Therefore, the court found that "[t]he assailants who attacked the hotel guest . . . most certainly have responsibility for that wrongdoing." *Id.* In fact, the court expressly cited with approval *Pacheco v. Regal Cinemas, Inc.*, 715 S.E.2d 728 (2011), a case in which the Georgia Court of Appeals held that the jury was correctly charged on apportioning fault under O.C.G.A. § 51–

2

12–33 "where it was alleged that property owner failed to protect a patron from a *foreseeable criminal act.*" *Id.* at 383 (emphasis added).

Therefore, Plaintiff's contention that Defendant should be precluded from apportioning fault to Mr. McKelvin is unavailing. Nothing in the apportionment statute indicates that a defendant is precluded from filing a notice of fault against a nonparty if the defendant had knowledge or notice of the nonparty's dangerous or violent propensities. Furthermore, there is a question as to whether the injury to Plaintiff was foreseeable as Defendant denies having any knowledge or notice of Mr. McKelvin's dangerous propensities. Accordingly, the Court **DENIES** Plaintiff's Amended Motion in Limine (Doc. 59). Likewise, Plaintiff's Motion in Limine (Doc. 57) is **DENIED** as moot.

**SO ORDERED**, this 12th day of June, 2015.

                                          /s/ Leslie J. Abrams
                                         **LESLIE J. ABRAMS, JUDGE**
                                         **UNITED STATES DISTRICT COURT**